## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **CHARLES T.. LEE,** | ) |
| | ) ***Jury Trial Requested*** |
| Plaintiff, | ) |
| | ) |
| **v.** | ) Case No.: 1:13-cv-00004 |
| | ) |
| **NORFOLK SOUTHERN RAILWAY COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Comes now the Plaintiff, Charles T. Lee, who alleges the following facts and causes of action against the Defendant, Norfolk Southern Railway Company ("NS").

### Parties, Jurisdiction & Venue

1. Plaintiff is an adult resident of Asheville, North Carolina.

2. NS is a corporation organized under the laws of the State of Virginia with a principal place of business in the State of Virginia.

3. This Court has federal question subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 because the cause of action at issue is authorized to be filed in the U.S. District Court by Federal Rail Safety Act, 49 U.S.C. § 20109(d)(3) ("FRSA") and 29 C.F.R. § 1982.114(a).

4. Venue is proper in this division and district pursuant to 28 U.S.C. § 1391(b)(1),(c)(2),(d) because NS resides in this division and district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this division and district.

**Facts**

5. NS is a common carrier by railroad engaged in interstate commerce.

6. Plaintiff works for NS as a carman in Asheville, North Carolina.

7. As such, he was responsible for many safety-related functions, including the inspection and repair of railroad cars, locomotives and performing air brake tests on trains.

8. When a carman such as plaintiff finds a defect on a rail car during an inspection in the yard, the carmen puts a "bad order" tag on the car which lists the defect and directs the car to the repair shop for repairs. Such tagged cars would be placed in a "bad order" status.

9. NS management, including at Asheville, had "bad order" quotas and did not want carmen, including plaintiff, to bad order cars and increase the "bad order count".

10. NS Management put pressure on plaintiff not to bad order cars, and management employees would remove bad order tags from cars that plaintiff had tagged for repair.

11. It was made clear to Plaintiff the NS management expected him to refrain from bad ordering so many cars, which would have required Plaintiff to violate federal rail safety regulations and laws and violate NS's own safety and mechanical department rules.

12. Plaintiff was subjected to abusive, discriminatory, racial harassment, intimidation and threats, both by NS management and employees. Such treatment including the handing of a "noose" on his workplace locker, the placing of a plastic "body bag" on the same locker and the posting of a picture of a white child and an African American child on his locker. (Plaintiff, who is African-American, and his wife, who is white, have an African American child and a white child.)

13. Plaintiff was threatened by co-workers with death and having his house burned down.

2

14. Plaintiff was denied equal pay and training.

15. Plaintiff reported to NS management that guns were being carried on NS property and were being raffled off on NS property by NS employees.

16. Plaintiff reported their acts and omissions, as aforesaid, to NS management and Equal Employment Opportunity personnel but no action was even taken to stop such treatment.

17. Local NS management disobeyed and established NS corporate policy and did not report or investigate the noose, body bag, and death and arson complaints.

18. The reports Plaintiff made to NS management and EEO personnel were made, among other reasons, to report an unsafe, hostile work environment and by reporting them, to achieve a safe workplace.

19. NS retaliated against Plaintiff, in whole or in part because of the protected activities as aforesaid, in the following particulars: (1) NS continued to deny Plaintiff the proper pay for the work he did; (2) NS continued to fail to train Plaintiff in all the duties of his craft; (3) NS charged Plaintiff with consuming alcohol (one beer) and seeking reimbursement for said beer in a letter dated July 6, 2011; (4) NS did not properly address Plaintiff's reports and complaints with the required investigation; and (5) Plaintiff, who feared for his job, agreed to a six month suspension without pay so as to avoid NS terminating him entirely. The six month suspension started on July 2, 2011 and ended on January 2, 2012.

20. On or about November 14, 2011, pursuant to 49 U.S.C. § 20109, FRSA, and the U.S. Department of Labor's implementing regulations, as set forth at 29 C.F.R. Part 1982, Plaintiff filed a retaliation complaint with the Department of Labor's Occupational Safety & Health Administration ("OSHA").

3

21. The Secretary of Labor did not issue a final decision within the 210 days following the filing of Plaintiff's complaint.

22. On September 21, 2012, the OSHA Area Director entered findings that concluded, among other things, that there allegedly was no FRSA violation.

23. On or about October 11, 2012, Plaintiff timely objected to the findings of the Area Director and requested a hearing before the Office of Administrative Law Judges ("OALJ") of the U.S. Department of Labor, and the case was assigned to Hon. Alan L. Bergstrom (*See* Case No. 2013-FRS-4).

24. On November 20, 2012, Plaintiff filed a statement with the OALJ and Judge Bergstrom giving his notice of his intent to file this lawsuit in this Court.

25. As of the date of the filing of this complaint, the Secretary of Labor has still not issued a final decision. None of the delay is attributable to Plaintiff.

## Count One – Retaliation

26. Plaintiff adopts all factual allegations stated above as if stated herein.

27. NS, its officers, and/or its employees retaliated against Plaintiff, and said retaliation was due, in whole or in part, to Plaintiff's lawful, good faith acts (1) in providing information and/or assisting an investigation regarding conduct which is a violation of federal laws, rules, regulations relating to railroad safety and/or security and or gross fraud, (2) in refusing to violate or assist in the violation of Federal law, rules, and regulations relating to railroad safety or security, (3) in refusing to violate NS's own safety and mechanical department rules. .

28. NS knew or suspected that Plaintiff was engaged in protected activity and that the protected activity was a contributing factor NS's adverse actions.

4

29. Plaintiff has lost wages and benefits. Plaintiff has also suffered from emotional distress, worry, fear, and humiliation because of the wrongful conduct.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that this Honorable Court: (1) to enter judgment in his favor and against NS; (2) to award him compensatory damages for any and all damages he sustained as a result of the wrongful conduct; (3) to award him punitive damages in an amount not to exceed $250,000.00; (4) to award him litigation costs, expert witness fees, and reasonable attorney fees in the prosecution of this action; (5) to expunge his personnel record of all adverse and disciplinary charges and information relating to the charges, as aforesaid; (6) to grant his claims to be tried to a jury; and (7) to grant him any and all relief necessary to make him whole.

This the 8th day of January, 2013.

Respectfully submitted,

_____/s/ Rachel S. Decker_____
Rachel S. Decker
N.C. State Bar No. 22020
Attorney for Plaintiff Charles T. Lee

*OF COUNSEL:*
CARRUTHERS & ROTH P.A.
235 N. Edgeworth Street
P.O. Box 540 (27402)
Greensboro, North Carolina 27401
Phone: (336)379-8651
Fax:    (336)478-1175
Email: rsd@crlaw.com

5

## Request for Service by Certified Mail

Plaintiff requests that the Clerk immediately issue a summons for the Defendant to be served at the following address by certified mail at the following address:

NORFOLK SOUTHERN RAILWAY COMPANY
c/o the Corporation Service Company, Its Registered Agent
327 Hillsborough Street
Raleigh, North Carolina 27603

_____/s/ Rachel S. Decker_____
Rachel S. Decker
N.C. State Bar No. 22020
Attorney for Plaintiff Charles T. Lee

*OF COUNSEL:*
CARRUTHERS & ROTH P.A.
235 N. Edgeworth Street
P.O. Box 540 (27402)
Greensboro, North Carolina 27401
Phone: (336)379-8651
Fax:    (336)478-1175
Email: rsd@crlaw.com

6